# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MAP MOBILE, LLC, a Texas Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>BURGER KING CORPORATION, a Florida Corporation,<br><br>    Defendant. | Civil Action No. _____<br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Map Mobile, LLC ("*Map Mobile*" or "*Plaintiff*") makes and files this Complaint against Burger King Corporation ("*Burger King*" or "*Defendant*"). In support of this Complaint, Map Mobile alleges and complains as follows:

## PARTIES

1.      Map Mobile, LLC is a Texas limited liability company with its registered agent and principal place of business in this district.

2.      Map Mobile is an early stage company, fostering technology through the proof of concept stage for larger, more established companies.

3.      Upon information and belief, Burger King Corporation is a Florida corporation with a principal place of business at 5505 Blue Lagoon Dr., Miami, FL 33126.

4.      Upon information and belief, Burger King may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5.     Upon information and belief, Burger King has sold, currently sells, and offers for sale infringing technology through the stream of commerce through strategic Texas-based companies and individual Texas residents who use and purchase the infringing technology.

## **JURISDICTION AND VENUE**

6.     Burger King is registered to do business in the state of Texas.

7.     Burger King is subject to the jurisdiction of this Court because it has committed acts of infringement as outlined in this Complaint and it has a regular and established place of business here in the Eastern District of Texas as more fully outlined below.

8.     Burger King is subject to personal jurisdiction in this Court because its sales, advertisements, and customers' use of the infringing technology occurs systematically and continuously throughout Texas and this judicial district.

9.     Burger King purposefully and intentionally targets Texas residents by franchising hundreds of locations throughout the state and in this judicial district to expand its sales of the infringing technology.

10.    Upon information and belief, Burger King directly and through its intermediaries, distributes, offers for sale, sells, and advertises its products and services in Texas through several streams of commerce, including its interactive website www.bk.com, (last visited November 27, 2017) as well as its accompanying social media pages, its vast online presence in third-party shops, and its mobile app that uses the infringing technology.

11.    By placing infringing products into the stream of commerce with the intent that they be sold, offered for sale, purchased, and used, Burger King has transacted and continues to transact business in Texas and in this district.

12.     Burger King has a physical presence in Texas and in this judicial district by maintaining, providing support, advertising, and using the infringing technology to drive traffic to dozens of brick-and-mortar restaurants located in this district.

13.     Upon information and belief, Burger King has nearly 500 Texas-based brick and-mortar locations that market and sell its products through Burger King's platform and, in turn, profit off the use of the infringing technology.  Nearly 100 of these restaurants are located within pickup distance of residents in the Eastern District. At least 40 restaurants are located inside this judicial district, in cities such as:

a. Marshall, Texas;

b. Bonham, Texas;

c. Denton, Texas;

d. Frisco, Texas;

e. Gun Barrel City, Texas;

f. Jasper, Texas;

g. Longview, Texas;

h. Lufkin, Texas;

i. McKinney, Texas; and

j. Tyler, Texas

http://www.bk.com/restaurants/sitemap.html.

14.     These locations constitute a regular and established place of business because these locations are permanent locations that are regularly open for business with consistent hours and schedules. The infringing technology is permanent and regularly directing residents of the

Eastern District of Texas to these fixed locations that are owned, operated, sanctioned, or otherwise supported by Burger King.

15. Burger King lists these fixed places of business on its website and places its name and its trademarks on signs associated with these locations on the buildings and on advertisements in this judicial district to direct residents to these locations.

16. Burger King has committed and induced acts of patent infringement in Texas, including the Eastern District of Texas, and has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased and used by Texas residents, including residents in the Eastern District of Texas.

17. Burger King has purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

18. In particular, Burger King has gained significant sales from its presence in Texas and in this judicial district and has specifically targeted Texas and this judicial district to increase its sales.

19. This Court has subject matter jurisdiction to hear the patent infringement claims under 28 U.S.C. § 1331.

20. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because, as described above, Burger King has infringed and continues to infringe Map Mobile's patent rights within the Eastern District of Texas, and this action arises out of transactions of that business and infringement.

21. Venue is proper in this District because (1) Burger King has committed acts of infringement in this district, and (2) Burger King maintains regular and established places of

business in this district and profits off of the infringement of the patented technology in this judicial district.

## GENERAL ALLEGATIONS

22.     Map Mobile owns U.S. Patent No. 9,532,164 (the "*'164 Patent*"), titled "Mashing Mapping Content Displayed on Mobile Devices." A copy of the '164 Patent is attached as Exhibit A.

23.     The '164 Patent is part of a patent portfolio which also includes U.S. Patent Application Nos. 11/974,258 and 15/346,599, both of which are pending.

24.     The '164 Patent was issued December 27, 2016.

25.     Map Mobile is the owner, by assignment, of the '164 Patent, including all rights to sue for patent infringement.

26.     As the owner of the '164 Patent, Map Mobile has standing to sue and recover for all past, present, and future damages for infringement of the '164 Patent.

27.     Burger King has not been granted a license or any other rights to the '164 Patent.

28.     The inventions of the '164 Patent resolve problems related to conveniently relating mapping information on a mobile device. For example, the inventions include a system for displaying location-based content on a digital map displayed on a mobile device.

## CLAIM 1

### (PATENT INFRINGEMENT)

29.     Map Mobile realleges and incorporates by reference, as fully set forth herein, all other paragraphs.

30.     Map Mobile has complied with 35 U.S.C. § 287.

31. Upon information and belief, Burger King, either alone or in conjunction with others, has infringed, continues to infringe, contributes to infringement, and/or induces infringement of the '164 Patent by making, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to its BURGER KING® App ("***Burger King Mobile App***" or the "***Accused Product***"), that infringes one or more claims of the '164 Patent, including, but not limited to claims 1, 2, 3, 8, and 10 of the '164 Patent, and may include other claims of infringement that may be identified through discovery.

32. By way of example and not as a limitation, Burger King's Accused Product performs every element of the '164 Patent's claim 1 by:

   a. Utilizing a storage device of a mobile device storing a first non-browser application (Burger King Mobile App) and a second non-browser application (a mapping application).

   b. Utilizing a processor of the mobile device executing the first non-browser application and the second non-browser application.

   c. Including a user interface of its application configured for the mobile device.

   d. Including a mapping component of its application configured to invoke the mapping application on the mobile device when map-able content displayed on the user interface is activated to display a map of the map-able content, wherein the second non-browser application is a mapping application, wherein the mapping component transmits the map-able content to and online mapping service (e.g., Apple Maps) configured to communicate with the second browser application.

33. Burger King has further infringed, and continues to so infringe, by knowingly inducing purchasers and users of the Accused Products to directly infringe the '164 Patent.

34. Burger King has further infringed, and continues to so infringe, by knowingly providing to its end users the Accused Products which are especially made or especially adapted for infringement under the '164 Patent, which are a material part of the infringement, and for which there are no substantial non-infringing uses.

35. Burger King's infringing activities have injured and will continue to injure Map Mobile unless and until this Court enters an injunction prohibiting further infringement of the '164 Patent.

36. Burger King's infringing activities have damaged Map Mobile, which is entitled to recover from Burger King damages in an amount subject to proof at trial, but in no event less than a reasonable royalty.

37. In particular, Burger King engaged in and continues to engage in willful and knowing patent infringement because it has actual knowledge of the patent at least as early the filing of this Complaint.

38. Upon information and belief, Burger King has generated significant sales revenue by incorporating Map Mobile's technology in its Accused Product, exposing Burger King to significant liability for its infringement of the '164 Patent.

39. From at least as early as the filing of this Complaint, when Burger King was given actual notice of the '164 Patent, Burger King induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

40.     At least as early as the filing of this Complaint, Burger King contributed to direct infringement by its end users by knowing that the Accused Product and methods would be implemented by its end users; that its methods, components, system and Accused Product were especially made or especially adapted for a combination covered by one or more claims of the '164 Patent; that there are no substantial non-infringing uses; and the Accused Product is a material part of the infringement.

41.     Upon information and belief, Burger King has knowledge of the '164 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Map Mobile respectfully requests that, after a trial, this Court enter judgment against Burger King as follows:

A.      An entry of final judgment in favor of Map Mobile and against Burger King;

B.      An award of damages adequate to compensate Map Mobile for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C § 284, together with prejudgment interest from the date the infringement began;

C.      An injunction permanently prohibiting Burger King and all persons in active concert or participation with Burger King from further acts of infringement of '164 Patent;

D.      Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Burger King's acts;

E.  An award granting Map Mobile its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursement, pursuant to 35 U.S.C. § 285; and

F.  Such other further relief that Map Mobile is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Map Mobile demands trial by jury on all claims and issues so triable.

Dated:  December 14, 2017
By: /s/ Joseph G. Pia
Joseph G. Pia
joe.pia@pa-law.com
Texas Bar No. 24093854
Chrystal Mancuso-Smith (Admitted in this District)
Utah State Bar No. 11153
cmancuso@pa-law.com
PIA ANDERSON MOSS & HOYT
136 E. South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

ATTORNEYS FOR PLAINTIFF